1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GLEN TROGDON,                              )
                                          )
            Plaintiff,                     )        2:11-cv-01570-KJD-PAL
                                          )
vs.                                        )
                                          )        **ORDER**
DOUGLAS GILLESPIE, *et al.*,               )
                                          )
            Defendants.                    )
_____/

        This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by an inmate
confined at the Clark County Detention Center.

**I. Application to Proceed *In Forma Pauperis***

        Based on the information regarding plaintiff's financial status, the court finds that plaintiff is
not able to pay an initial installment  payment towards the full filing fee pursuant to 28 U.S.C. §
1915.  Plaintiff will, however, be required to make monthly payments towards the full $350.00 filing
fee when he has funds available.

**II.  Screening Pursuant to 28 U.S.C. § 1915A**

        Federal courts must conduct a preliminary screening in any case in which a prisoner seeks
redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. §
1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that

1    are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

2    relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se*

3    pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696,

4    699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

5    elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

6    (2) that the alleged violation was committed by a person acting under color of state law. *See West v.*

7    *Atkins*, 487 U.S. 42, 48 (1988).

8          In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation

9    Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of

10   poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief

11   may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28

12   U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be

13   granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same

14   standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.

15   When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend

16   the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

17   complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70

18   F.3d. 1103, 1106 (9th Cir. 1995).

19          Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v.*

20   *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a

21   claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim

22   that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In

23   making this determination, the court takes as true all allegations of material fact stated in the

24   complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v.*

25   *Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less

26   stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9

1   (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  While the standard under Rule

2   12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels

3   and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation

4   of the elements of a cause of action is insufficient.  *Id.; see Papasan v. Allain*, 478 U.S. 265, 286

5   (1986).

6          Additionally, a reviewing court should "begin by identifying pleadings [allegations] that,

7   because they are no more than mere conclusions, are not entitled to the assumption of truth."

8   *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  "While legal conclusions can provide the framework

9   of a complaint, they must be supported with factual allegations."  *Id.*  "When there are well-pleaded

10  factual allegations, a court should assume their veracity and then determine whether they plausibly

11  give rise to an entitlement to relief."  *Id.*  "Determining whether a complaint states a plausible claim

12  for relief [is] a context-specific task that requires the reviewing court to draw on its judicial

13  experience and common sense."  *Id.*

14         Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if

15  the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on

16  legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or

17  claims of infringement of a legal interest which clearly does not exist), as well as claims based on

18  fanciful factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S.

19  319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

20  **III.  Screening of the Complaint**

21         Plaintiff brings action against defendants based on events alleged have occurred at the Clark

22  County Detention Center.  Plaintiff brings action against the following individuals: Douglas

23  Gillespie, Dr. John Scott, Dr. Hays, Dr. Cardmee, Dr. Ziner, and others.  Plaintiff seeks declaratory,

24  injunctive, and monetary relief.

25         Plaintiff alleges that he suffers from injuries to his hip, spine, and head.  Plaintiff alleges that

26  he received treatment from institutional doctors, but the treatment was insufficient.  Plaintiff

1   complains that certain tests and procedures were not performed.

2        A pretrial detainee's right to be free from punishment is grounded in the Due Process Clause,

3   but courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pretrial

4   detainees. *See Pierce v. County of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008); *see also Gibson v.*

5   *County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).  A prisoner's claim of inadequate medical

6   care does not constitute cruel and unusual punishment under the Eighth Amendment unless the

7   mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v.*

8   *Gamble*, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an objective and

9   a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."

10  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

11  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more

12  than mere negligence, but less than conduct undertaken for the very purpose of causing harm.

13  *Farmer v. Brennan*, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent

14  manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

15  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil

16  rights have been abridged, "the indifference to his medical needs must be substantial.  Mere

17  'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton*

18  *v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06.

19       In the instant case, plaintiff alleges that he has received medical treatment, but that he

20  disagrees with the treatment plan of the institutional doctors.  Plaintiff fails to allege deliberate

21  indifference on the part of any defendants.  As such, the Court must dismiss this action with

22  prejudice.

23  **IV.  Conclusion**

24       **IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis*

25  (ECF No. 1) without having to prepay the full filing fee is **GRANTED**; plaintiff shall not be

26  required to pay an initial installment fee.  Nevertheless, the full filing fee shall still be due, pursuant

1  to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996.  The movant herein

2  is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs

3  or the giving of security therefor.  This order granting *in forma pauperis* status shall not extend to the

4  issuance of subpoenas at government expense.

5        **IT IS FURTHER ORDERED** that the Clerk of Court **SHALL FILE** the complaint.

6        **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Clark County

7  Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20%

8  of the preceding month's deposits to the account of **GLEN TROGDON, #1161583** (in months that

9  the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.  If plaintiff

10  should be transferred and become under the care of the Nevada Department of Corrections, the

11  CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of

12  Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702,

13  indicating the amount that plaintiff has paid toward his filing fee, so that funds may continue to be

14  deducted from plaintiff's account.  The Clerk shall send a copy of this order to the **CCDC**

15  **Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.**

16        **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise

17  unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the

18  Prisoner Litigation Reform Act of 1996.

19        **IT IS FURTHER ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**, in

20  its entirety, for failure to state a claim.

21        **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

22        Dated this ___6___ day of December, 2011.

23

24  _____

      UNITED STATES DISTRICT JUDGE

25

26